IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

2:59 pm, 7/16/13

Tim J. Ellis
Clerk of Court

| In re | ) | |
| --- | --- | --- |
| | ) | |
| RICH GLOBAL, LLC | ) | Case No. 12-20834 |
| | ) | Chapter 7 |
| Debtor. | ) | |

## OPINION ON TRUSTEE'S MOTION TO APPROVE SETTLEMENT

On July 11, 2013, this matter came before the court for a telephonic hearing on the Trustee's Motion to Approve Settlement, the objections filed by Rich Global LLC ("Debtor"), Rich Dad Operating Company ("Rich Dad"), Robert Kiyosaki and Kim Kiyosaki ("Kiyosakis"), and Learning Annex Holdings, LLC, Learning Annex, LLC and Leaning Annex L.P.'s ("Learning Annex") reply to the objections. At the conclusion of the hearing, the court took the matter under advisement. Having considered the record, the parties, arguments and applicable law, the court is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(a)(2)(A). The Trustee brings this motion before the court under Fed. R. Bank. P. 9019.

**Facts**

Debtor and Learning Annex were involved in protracted litigation in the United States District Court for the Southern District of New York ("District Court"). Following two jury trials, a judgment was entered in favor of Learning Annex on July

17, 2012 for the amount of $23,687,957.21. Debtor appealed the judgment. Learning Annex cross-appealed. Debtor filed for chapter 7 bankruptcy protection on August 20, 2012, resulting in a stay of the District Court's litigation.

The court notes that the record reflects that the Kiyosakis are the sole members of Rich Dad. Rich Dad is the sole member of the Debtor. Debtor disclosed on its Schedule B that Kiyosakis owe the Debtor $1,783,358.12 on a "Notes Receivable."[1]

The claims bar date was January 2, 2013. Two claims were filed:

| Claim No. | Creditor: | Claim Amount |
| --- | --- | --- |
| 1 | Learning Annex | $23,690,999.41 |
| 2 | Rich Dad | $2,205,217.43 |

On February 22, 2013, the Trustee filed a notice of her intent to abandon any interest the estate had in the pending appeal. Rich Dad, Kiyosakis, Learning Annex and the Debtor objected to the Trustee's intent to abandon the bankruptcy estate's right to appeal for various reasons, the most consistent reason brought by all the objecting parties was that the right to appeal is not an asset of the estate, therefore the Trustee could not abandon it.[2]

At the hearing, the court encouraged the Trustee to resolve the matter by holding a telephone auction between all the objecting parties. This appears to have been unsuccessful due to the demands of the objecting parties. Therefore, the Trustee entered

---

[1] Other than balances in bank accounts, Debtor lists no other assets.

[2] Subsequent to the hearing on the Trustee's Notice to Abandon, the Trustee requested that the court defer a decision on the matter pending this settlement with Learning Annex.

Page 2

into a settlement agreement with Learning Annex to settle the appeal for the amount of $100,000.00.

**Discussion**

Federal Rule of Bankruptcy Procedure 9019(a) provides that a court may approve a compromise or settlement on a motion by the trustee, after notice and a hearing. The Bankruptcy Court for the District of Kansas stated,

> "The court does not substitute its judgment for that of the trustee, but rather, should 'without conducting a trial or deciding the numerous questions of law and fact, 'canvass the issues and see whether the settlement fall(s) below the lowest point in the range of reasonableness.'[3] The decision of a bankruptcy court to approve a settlement must be 'an informed one based upon an objective evaluation of developed facts.'[4] The factors to evaluate the settlement include the probable success of the underlying litigation on the merits, the possible difficulty in collection of a judgment, the complexity and expenses of the litigation, and the interests of creditors in deference to their reasonable views."[5] The proponent of the settlement has the burden of persuading the court that it should be approved."[6]

The settlement proposes (1) to settle the pending appeal and cross appeal in the District Court between the Debtor and Learning Annex; (2) Learning Annex shall pay

---

[3] *In re Christie*, Chapter 11, Case No. 11-40764, 2013 Bankr. LEXIS 2016, (Bankr. D.Kan., May 17, 2013) citing 8 William L. Norton, Jr., and William L. Norton III, Norton Bankruptcy Law & Practice 3d, §167:2 at 167-6 (Thomas Reuters/West 2012); *In re Tennol Energy Co.*, 127 B.R. 820, 828 (Bankr. E.D. Tenn. 1991)(quoting *Anaconda-Ericsson, Inc., v. Hessen (In re Teltronics Servs.*, 762 F.2d 185, 189 (2nd Cir. 1985), which was quoting *Cassoff v. Rodman (In re W. T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)).

[4] *Christie, id*, citing *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir. BAP 1997), which was quoting *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989).

[5] *Christie*, id citing *Kopexa, id.*

[6] *Christie, id* citing *Tennol, id.*

the Debtor's bankruptcy estate the amount of $100,000.00; and, (3) Learning Annex shall be allowed a general unsecured claim in the amount of $23,690,000.41.

Rich Dad, Kiyosakis and the Debtor object to approval of the settlement. Rich Dad argues that (1) it offered to indemnify the trustee and estate to allow her to pursue the appeal; (2) the trustee has not met the burden required to have the settlement approved; and, (3) the settlement is more in the nature of a sales agreement, whereas the trustee is selling the estate's right to appeal without meeting the requirements of §363. Kiyosakis join Rich Dad's objection and additionally argue that the settlement is not in the best interests of the estate. Debtor joins Rich Dad and Kiyosakis' objections and additionally asserts that it is against public policy to allow the sale of an appeal.

**Settlement or compromise under Rule 9019.**

The trustee may initiate compromises affecting the estate. Compromise is defined as "an agreement between two or more persons to settle matters in dispute between them."[7] Settlement is defined as the same.[8] The pre-petition Debtor and Learning Annex were involved in the District Court litigation. Upon filing for chapter 7 bankruptcy protection, all Debtor's non-exempt interests became part of its bankruptcy estate. The trustee was assigned to administer the estate. This includes the pending appeals in District Court. The court finds that the actions between the Debtor and

---

[7] Black's Law Dictionary 281 (7th Ed. 1999).

[8] *Id* at 1377.

Learning Annex is a settlement or compromise, not a sale, and proceeds under Fed. R. Bankr. P. 9019.

**Analysis under Rule 9019**

(1) <u>Probable success of the underlying litigation on the merits</u>

The Trustee and Learning Annex assert that the probability of success on the appeal is minimal, based partially upon the statistical information for success of appeals in the Second Circuit; the history of the litigation and the District Court's full assertions. Rich Dad argues that the statements of the District Court show that an appeal has a high probability of success.

This court's review of the record, including the District Court's Order which Rich Dad relies upon in arguing that the Debtor would be successful on appeal, reflects that the Debtor and Learning Annex litigated extensively in the District Court. After the judgment on the second jury trial was entered, on August 1, 2012, the District Court entered its Order regarding the Debtor's motion for a stay of enforcement of the judgment pending appeal. The court stated, as relevant:

> "*First*, I find that Rich Global has a substantial likelihood of success on appeal. To find that this fact favors Rich Global I need not confess error and predict a reversal by the Second Circuit," but rather it is sufficient to recognize that Rich Global can 'demonstrate a substantial case on the merits, even if ultimate success is not a mathematical probability.'"

The District Court's statement, was stated in the context of Rich Global's [Debtor's] request for a stay pending appeal and not require it to post a bond in the full

amount of the judgment. Based partially on Rich Global's inability to post the full amount of the judgment as bond,[9] but to protect Learning Annex during the pendency of the appeal, the District Court ordered Rich Global to post a upersedeas bond "equal to ten percent of the judgment" with other conditions which allowed Learning Annex to audit the Debtor's books and records throughout the appeal. Instead posting bond and complying with the additional terms of the Order, the Debtor filed its chapter 7 bankruptcy petition turning its assets over to the Trustee for administration.

This court finds that the District Court, through the jury trials and numerous motions, litigated this case well. Its statements regarding the likelihood of success on appeal were taken out of context by Rich Dad and the Kiyosakis in an attempt to make the statements applicable to the circumstances before this court. The court rejects their argument.

(2)     Possible difficulty in collection of a judgment

The ability to collect on a judgment is not applicable as the current judgment is a liability against the bankruptcy estate and greatly exceeds the estate's assets.

(3)     Complexity and expense of the litigation

Upon reviewing the history of the litigation, the counts alleged, the review of the District Court opinions and the supporting documents found on the record, the complexity of this case is obvious to the court. To obtain any assets for the estate, the

---

[9] According to the Order Rich Global represented it had assets in the amount of $3,999,716.00 as of June 30, 2012. The court's calculations of 10 percent of the judgment shows the bond would be $2,300,000.00.

Page 6

Trustee would first have to prevail on the appeal, and then pursue a third trial in the District Court. This could potentially take years to litigate at a substantial cost to the bankruptcy estate without any assurances that the bankruptcy estate would ultimately prevail. This is not a benefit to the estate, as the purpose of a chapter 7 bankruptcy case is to expeditiously administer the estate's assets and close the case.

(4)     Interests of creditors in deference to their reasonable views

(i)     Rich Dad

Rich Dad's relationship to the Debtor is two-fold: (1) a creditor with a contested claim; and, (2) is the Debtor's sole member. Rich Dad offered to "indemnify" the Trustee's expenses for her to pursue the appeal. However, the court is concerned that this proposition puts the Trustee in the position of working for a creditor and equity shareholder of the estate, against the only other creditor.

(ii)    Kiyosakis

The Kiyosakis are not creditors in this case. They owe the estate the amount of the promissory note. They are also the owners of Rich Dad (which in turn, owns the Debtor). Their interests in objecting to the settlement appears to be to preserve Rich Dad's interest in the Debtor's assets, which in turn preserve their interests as equity holders in Rich Dad.

(iii)   Debtor

The Debtor objected to the settlement based on all the reasons asserted by Rich

Dad and the Kiyosakis. Additionally, the Debtor argues that the sale of its right of appeal is against public policy. The court disagrees. The settlement of the rights of parties in litigation is encouraged. The Trustee's settlement of the Debtor's appeal is standard procedure.

**Conclusion**

This court having 'canvassed the issues,' determines that the settlement dos not fall below the lowest point in the range of reasonableness. The Trustee, using her best judgment, has carried her burden of persuading the court that this settlement is in the estate's best interest and should be approved.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 16 day of July, 2013.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Matrix