Philip A. Pearlman (Colorado Bar No. 11426)
Eric L. Johnson (Missouri Bar No. 53131)
Jamie N. Cotter (Wyoming Bar No. 7-4721)
Spencer Fane Britt & Browne LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838
ppearlman@spencerfane.com
ejohnson@spencerfane.com
jcotter@spencerfane.com
*Attorneys for Tracy Zubrod, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RICH GLOBAL, LLC, | ) | Case No. 12-20834 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| TRACY L. ZUBROD, Trustee | ) | Adv. Pro. No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MCGLADREY LLP, | ) | |
| ROBERT T. KIYOSAKI, KIM | ) | |
| KIYOSAKI, PELE-KALA | ) | |
| CORPORATION, CASHFLOW | ) | |
| TECHNOLOGIES, INC., BI CAPITAL, | ) | |
| LLC, and RICH DAD OPERATING | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR TURNOVER**

Plaintiff Tracy L. Zubrod, Trustee, by and through her undersigned counsel, for

her Complaint against Defendants McGladrey LLP, Robert T. Kiyosaki, Kim Kiyosaki,

Pele-Kala Corporation, Cashflow Technologies, Inc., BI Capital, LLC, and Rich Dad Operating Company, LLC, states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Rich Global, LLC ("Debtor"), a Wyoming limited liability company, filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code on August 20, 2012 ("Petition Date") in the United States Bankruptcy Court for the District of Wyoming.

2. Plaintiff Tracy L. Zubrod is the duly appointed, qualified, and acting Chapter 7 trustee ("Trustee") of the Debtor's bankruptcy estate ("Estate").

3. McGladrey LLP is an Iowa limited liability partnership that provides accounting services ("McGladrey").

4. Defendants Robert T. Kiyosaki and Kim Kiyosaki (the "Kiyosakis") are residents of the State of Arizona.

5. Defendant Cashflow Technologies, Inc. ("CTI") is a Nevada corporation.

6. Defendant Pele-Kala Corporation ("Pele-Kala) is a Nevada corporation.

7. Defendant BI Capital, LLC ("BI Capital") is a Nevada limited liability company.

8. Defendant Rich Dad Operating Company, LLC ("RDOC") is a Nevada limited liability company.

9. This is a proceeding for turnover of property of the Estate and for turnover or disclosure of recorded information relating to the Debtor's property or financial affairs

in the possession of McGladrey, pursuant to 11 U.S.C. §§ 542(a) and 542(e) and Fed.R.Bankr.P. 7001(1).

10. The Court has subject matter jurisdiction over this proceeding, pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b). This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

11. Pursuant to 28 U.S.C. § 1409(a), venue is proper in this district because the Debtor's bankruptcy case is pending in this district.

## GENERAL ALLEGATIONS

12. Prior to the Petition Date, McGladrey provided accounting services to the Debtor.

13. On information and belief, prior to the Petition Date, McGladrey also provided accounting services to the Kiyosakis, CTI, Pele-Kala, BI Capital, and RDOC (together, the "Other Clients").

14. On information and belief, McGladrey's accounting services included services provided to (a) the Debtor, ***but not*** to any of the Other Clients ("Debtor Services"), (b) the Debtor ***and*** one or more of the Other Clients, jointly ("Joint Services"), and (c) one or more of the Other Clients, ***but not*** the Debtor ("Non-Debtor Services").

15. 11 U.S.C. § 542(a) provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

16. 11 U.S.C. § 542(e) provides:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

17. On information and belief, McGladrey is in possession, custody, or control of property of the type described in § 542(a) ("Section 542(a) Property") and holds other recorded information of the type described in § 542(e) ("Section 542(e) Property, and together with Section 542(a) Property, "Section 542 Property").

18. On information and belief, Section 542 Property includes property and recorded information relating to Debtor Services, Joint Services, and Non-Debtor Services.

19. July 14, 2014, this Court entered an Order authorizing the Trustee to serve a documents subpoena upon McGladrey.

20. On July 17, 2014, McGladrey's counsel accepted service of a subpoena issued by Plaintiff's counsel.

21. On July 25, 2014 and August 7, 2014, McGladrey's counsel sent letters to the Trustee's counsel setting forth objections to the subpoena.

22. During August of 2014, McGladrey's counsel produced 181 pages of materials from McGladrey. The August 7, 2014 letter states:

> These are documents located in McGladrey's files that specifically related to Rich Global, LLC. After further review of its files, McGladrey has determined that it possesses no additional responsive documents of Rich Global, LLC that do not also contain information related to Non-Debtor Entities. Redaction of those documents would be burdensome and would result in documents with little useful information. As noted in our July 25

4

letter, we cannot produce unredacted documents without the consent of the Non-Debtor Entities. We have sought that consent and it has been denied to us.

23. Counsel for the Trustee asked McGladrey to identify the entities for whom McGladrey has done work. In the August 7, 2014 letter, McGladrey declined to do so, stating, "We have determined that we cannot share this information without consent of these entities or a Court Order."

24. On information and belief, the "Non-Debtor Entities" for whom McGladrey provided services included one or more of the Other Clients.

25. On information and belief, disputes exist between the Trustee and the Other Clients regarding the extent to which property and recorded information in the possession, custody, or control of McGladrey is:

    a. Section 542 Property,

    b. Section 542 Property, relating to Debtor Services,

    c. Section 542 Property, relating to Joint Services,

    d. Section 542 Property, relating to Non-Debtor Services,

    e. Section 542 Property, relating to Joint Services and/or Non-Debtor Services, which is privileged and cannot be turned over or disclosed to the Trustee.

**CLAIM FOR RELIEF**

26. Plaintiff incorporates each of the foregoing allegations the same as if set forth herein.

27. The Trustee seeks a declaration of the extent to which property and recorded information in the possession, custody or control of McGladrey relating to any of the subjects described on <u>Attachment 1</u> is subject to an applicable privilege.

28. Pursuant to 11 U.S.C. §§ 542(a) and 542(e), and except to the extent of an applicable privilege, the Trustee seeks entry of an Order compelling McGladrey to turn over or disclose to the Trustee all property and recorded information in its possession, custody, or control relating to any of the subjects described on <u>Attachment 1</u>, hereto.

29. Nothing herein is intended as a waiver of any accountant-client, work product, or other privileges of the Debtor in respect to property and recorded information at issue herein.

WHEREFORE, Plaintiff Tracy L. Zubrod, trustee, prays for judgment (A) determining the extent, if any, to which property or recorded information in the possession, custody or control of McGladrey relating to any of the subjects described on <u>Attachment 1</u> is subject to an applicable privilege, (B) ordering McGladrey to turn over or disclose to the Trustee all non-privileged property and recorded information in its possession, custody, or control relating to any of the subjects described on <u>Attachment 1</u>, and (C) for such other and further relief as the Court deems just.

Dated: March 24, 2015          Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

By: *s/ Jamie N. Cotter*
    Jamie N. Cotter, WY #7-4721
    Philip A. Pearlman, CO #11426
    1700 Lincoln Street, Suite 2000
    Denver, Colorado 80203
    Telephone: (303) 839-3800
    Facsimile: (303) 839-3838
    ppearlman@spencerfane.com
    jcotter@spencerfane.com

and

    Eric L. Johnson, MO #53131
    100 Walnut St., Suite 1400
    Kansas City, Missouri 64106
    Telephone: (816) 474-8100
    Facsimile: (816) 474-3216
    ejohnson@spencerfane.com

ATTORNEYS FOR TRACY L. ZUBROD, TRUSTEE