JENNIFER SALISBURY (WYOMING BAR NO. 7-5218)
JOHN F. YOUNG (PRO HAC VICE ADMISSION)
MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC
1700 LINCOLN STREET, SUITE 4550
DENVER, COLORADO 80203
TELEPHONE:  (303) 830-0800
FACSIMILE:  (303) 830-0809
JSALISBURY@MARKUSWILLIAMS.COM
JYOUNG@MARKUSWILLIAMS.COM
*Attorneys for Rich Dad Operating Company, LLC,
Pele-Kala Corporation, and BI Capital, LLC*

HENRY F. BAILEY, JR. (WYOMING BAR NO. 5-1681)
DALE W. COTTAM (WYOMING BAR NO. 6-2719)
BAILEY STOCK HARMON COTTAM LOPEZ LLP
221 E. 21ST STREET
CHEYENNE, WY 82001
TELEPHONE:  (307) 638-7745
FACSIMILE:  (307) 638-7749
HANK@PERFORMANCE-LAW.COM
DALE@PERFORMANCE-LAW.COM
*Attorneys for Robert Kiyosaki and Kim Kiyosaki*

ROBERT A. SHULL (PRO HAC VICE ADMISSION)
MICHAEL R. SCHEURICH (PRO HAC VICE ADMISSION)
BRADLEY A. BURNS (PRO HAC VICE ADMISSION)
AMANDA E. NEWMAN (PRO HAC VICE ADMISSION)
CASANDRA C. MARKOFF (PRO HAC VICE ADMISSION)
DICKINSON WRIGHT PLLC
1850 N. CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004
TELEPHONE: (602) 285-5000
FACSIMILE: (602) 285-5100
RSHULL@DICKINSONWRIGHT.COM
MSCHEURICH@DICKINSONWRIGHT.COM
BBURNS@DICKINSONWRIGHT.COM
ANEWMAN@DICKINSONWRIGHT.COM
CMARKOFF@DICKINSONWRIGHT.COM
*Attorneys for Rich Dad Operating Company, LLC,
Pele-Kala Corporation, and BI Capital, LLC*

THEODORE J. HARTL (WYOMING BAR NO. 7-5623)
BALLARD SPAHR LLP
1225 17TH STREET, SUITE 2300
DENVER, CO 80202-5596
TELEPHONE:  (303) 292-2400
FACSIMILE:  (303) 573-1956
HARTLT@BALLARDSPAHR.COM
*Attorneys for Cashflow Technologies, Inc.*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In re:<br><br>RICH GLOBAL, LLC | )<br>) Case No.: 12-20834<br>)<br>) Chapter 7<br>) |

**RESPONSE TO TRUSTEE'S MOTION TO APPROVE SETTLEMENT**

{Z0254401/1 }

Defendants Rich Dad Operating Company, LLC ("RDOC"), Cashflow Technologies Inc., BI Capital, LLC, Pele-Kala Corporation, Robert Kiyosaki, and Kim Kiyosaki (collectively, "Defendants") hereby respond in **support** of the "Motion to Approve Settlement" that was filed on January 8, 2019 (Doc. No 336) (the "Motion") by Trustee Tracy L. Zubrod (the "Trustee"). Each of the Defendants has an interest in the outcome of the Motion because they are all parties to the Settlement Agreement attached as Exhibit 2 to the Motion (Doc. No. 336-2). Additionally, RDOC filed Proof of Claim No. 2, in the amount of $2,205,217.43, which it will be required to withdraw if the Settlement Agreement is approved.[1] The Motion should be **granted** because the Settlement Agreement is a sound exercise of the Trustee's business judgment.

A.  **The business judgment of the Trustee is entitled to deference.**

As the Motion correctly notes, the rules in *Kopexa* and *Rich Dad* control the Court's analysis of the Settlement Agreement under Fed. R. Bankr. P. 9019. *See In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997) ("In considering the propriety of the settlement it is appropriate for the court to consider the probable success of the underlying litigation on the merits, the possible difficulty in collection of a judgment, the complexity and expense of the litigation, and the interests of creditors in deference to their reasonable views."); *In re Rich Glob., LLC* ("*Rich Dad*"), 652 Fed. Appx. 625, 631 (10th Cir. 2016) ("The court should, without conducting a trial or deciding the numerous questions of law and fact, review the issues and determine whether the settlement falls below the lowest point in the range of reasonableness." (citation omitted)).

The analysis done under the *Kopexa* and *Rich Dad* factors, however, is an act of evaluating

---

[1] RDOC has standing as a party in interest with direct pecuniary interests at stake, given its proof of claim, which has yet to be withdrawn. *See In re OptInRealBig.com, LLC*, 345 B.R. 277, 281 (Bankr. D. Colo. 2006).

the Trustee's business judgment, which should be given an appropriate degree of deference, as courts nationwide have held. *See, e.g.*, *In re McClure*, 1:13-BK-10386-GM, 2018 WL 5298384, at *14 (Bankr. C.D. Cal. Oct. 23, 2018) ("Courts reviewing a proposed settlement generally accord deference to the Trustee's business judgment . . . ."); *In re Health Diagnostic Lab., Inc.*, 588 B.R. 154, 168 (Bankr. E.D. Va. 2018) ("The Court reviews the Liquidating Trustee's decision to settle the Litigation Claim against [litigant] 'utilizing a business judgment standard.'" (citation omitted)). This business judgment rule is routinely followed by bankruptcy courts in the Tenth Circuit. *See, e.g.*, *In re Johns Trucking, Inc.*, BR 17-20954, 2018 WL 1448741, at *4 (Bankr. D. Utah Mar. 22, 2018) ("The settlement of any disputes is well within the range of the Debtor's business judgment . . . ."); *In re Sabey*, 553 B.R. 883, 891 (Bankr. D. Utah 2016) ("Having fully considered each of the factors outlined in *Rich Dad* and *Kopexa*, the Court finds that the Trustee has fairly considered the relevant factors, her decision is informed, has been made in the reasonable exercise of her business judgment and clearly falls within the range of reasonableness. The Trustee's motion to approve the Settlement Agreement will be granted."); *In re Arkoosh Produce, Inc.*, 00-41817, 2003 WL 25273746, at *9 (Bankr. D. Idaho July 1, 2003) ("In this context, the business judgment rule requires the trustee's decision to be made on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the [estate]." (citation and quotation marks omitted)).

The deference given to the Trustee is considerable. *See In re 110 Beaver Street P'ship*, 244 B.R. 185, 187 (Bankr. D. Mass.2000) ("[I]t is inappropriate for the court to substitute its own judgment as to the wisdom of a proposed settlement for that of the trustee."); *In re Goldstein*, 131 B.R. 367, 370 (Bankr. S.D. Ohio 1991) ("The court need not engage in an exhaustive analysis of the law and merits of each claim, or the likelihood of the outcome, as doing so would in large part

defeat the purpose of settlement."). "[T]he court's role is to ensure that the trustee has exercised proper business judgment in making the decision to agree to the proposed settlement . . . and that the settlement 'falls above the lowest possible point in the range of reasonableness.'" *Beaver Street P'ship*, 244 B.R. at 187 (citing *Goodwin v. Mickey Thompson Entm't Group, Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003)); *accord*, *Rich Dad*, 652 Fed. Appx. 625.

      **B.**      **The Settlement Agreement is a product of the Trustee's sound business judgment.**

For the reasons that are well explained in the Motion, the Trustee's claims against the Defendants present serious legal and factual issues with potential deficiencies that make settlement prudent for the Trustee. The Trustee has already been defeated on several claims through summary judgment and a motion to dismiss, and the continued pursuit of the remaining claims against the Defendants will carry substantial risk of an adverse judgment (on each claim). Proceeding through trial on the merits will come at great expense, and any judgment could be subject to a lengthy appeals process.

Defendants will not belabor the points made in the Motion; however, they encourage the Court to review the substantial motions for summary judgment that are referenced in the Motion. These motions for summary judgment are still pending and, if granted, present a serious threat to the vast bulk of the possible recovery available under the Trustee's claims. Insofar as the United States Court of Appeals for the Tenth Circuit has long recognized that "[t]he inveterate policy of the law is to encourage, promote, and sustain the compromise and settlement of disputed claims," *American Home Assur. Co. v. Cessna Aircraft Co.*, 551 F.2d 804, 808 (10th Cir. 1977), the Motion should be granted and the Settlement Agreement approved.

Dated: January 17, 2019　　　　　　Respectfully submitted,

**MARKUS WILLIAMS YOUNG**
　**& ZIMMERMANN LLC**

By: */s/ John F. Young*
JENNIFER SALISBURY (WYOMING BAR NO. 7-5218)
JOHN F. YOUNG (PRO HAC VICE ADMISSION)
1700 LINCOLN STREET, SUITE 4550
DENVER, COLORADO 80203
TELEPHONE: (303) 830-0800
FACSIMILE: (303) 830-0809
JSALISBURY@MARKUSWILLIAMS.COM
JYOUNG@MARKUSWILLIAMS.COM
*Attorneys for Rich Dad Operating Company, LLC, Pele-Kala Corporation, and BI Capital, LLC*

*and*

**DICKINSON WRIGHT PLLC**

By: */s/ Robert A. Shull*
ROBERT A. SHULL (PRO HAC VICE ADMISSION)
MICHAEL R. SCHEURICH (PRO HAC VICE ADMISSION)
BRADLEY A. BURNS (PRO HAC VICE ADMISSION)
AMANDA E. NEWMAN (PRO HAC VICE ADMISSION)
CASANDRA C. MARKOFF (PRO HAC VICE ADMISSION)
1850 N. CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004
TELEPHONE: (602) 285-5000
FACSIMILE: (602) 285-5100
RSHULL@DICKINSONWRIGHT.COM
MSCHEURICH@DICKINSONWRIGHT.COM
BBURNS@DICKINSONWRIGHT.COM
ANEWMAN@DICKINSONWRIGHT.COM
CMARKOFF@DICKINSONWRIGHT.COM
*Attorneys for Rich Dad Operating Company, LLC, Pele-Kala Corporation, and BI Capital, LLC*

*and*

**BAILEY STOCK HARMON COTTAM LOPEZ LLP**

By: */s/ Dale W. Cottam*
HENRY F. BAILEY, JR. (WYOMING BAR NO. 5-1681)
DALE W. COTTAM (WYOMING BAR NO. 6-2719)
221 E. 21ST STREET
CHEYENNE, WY 82001
TELEPHONE: (307) 638-7745
FACSIMILE: (307) 638-7749
HANK@PERFORMANCE-LAW.COM
DALE@PERFORMANCE-LAW.COM
*Attorneys for Robert Kiyosaki and Kim Kiyosaki*

*and*

**BALLARD SPAHR LLP**

By: */s/ Theodore J. Hartl*
THEODORE J. HARTL (WYOMING BAR NO. 7-5623)
1225 17TH STREET, SUITE 2300
DENVER, CO 80202-5596
TELEPHONE: (303) 292-2400
FACSIMILE: (303) 573-1956
HARTLT@BALLARDSPAHR.COM
*Attorneys for Cashflow Technologies, Inc.*

## CERTIFICATE OF SERVICE

   The undersigned certifies that on January 17, 2019, I served by prepaid first-class mail a copy of the *RESPONSE TO TRUSTEE'S MOTION TO APPROVE SETTLEMENT* on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and the Wyoming LBR at the following addresses:

Philip A. Pearlman
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203

Ronald L. Fano
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203

Jamie N. Cotter
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203

James R. Belcher, Esq.
Crowley Fleck PLLP
152 N. Durbin St., Ste. 220
Casper, WY 82601

Steven N. Berger
Engelman Berger, P.C.
3636 N. Central Ave., Ste. 700
Phoenix, AZ 85012-1936

Ethan J. Birnberg
Ballard Spahr LLP
1225 17th St., Ste. 2300
Denver, CO 80202-5596

Edwin G. Schallert, Esq.
Debevoise & Plimpton LLP
919 Third Ave.
New York, NY 100

Jenny M.F. Fujii
Kutner Brinen Garber PC
1660 Lincoln St., Ste. 1650
Denver, CO 80264-9911

Mark E. Macy
Macy Law Office, P.C.
217 W. 18th St.
Cheyenne, WY 82001-4413

Lee M. Kutner
Kutner Brinen Garber PC
1660 Lincoln St., Ste. 1650
Denver, CO 80264-9911

Tracy L. Zubrod
219 E. 18th St.
Cheyenne, WY 82001-4507

US Trustee
308 West 21st Street, 2nd Floor
Cheyenne, WY 82001-3669

Jonathan Harris, Esq.
Harris, St. Laurent & Chaudhry LLP
40 Wall St., 53rd Fl.
New York, NY 10005

Timothy Woznick, Esq.
Crowley Fleck PLLP
237 Storey Blvd., Ste. 110
Cheyenne, WY 82009

Plate Investments Limited
c/o Sandra Stern, Esq.
Nordquist & Stern PLLC
330 Madison Ave., 6th Floor
New York, NY 10017

Plate Investments Limited
c/o Sandra Stern, Esq.
Nordquist & Stern PLLC
43 West 43rd St., Ste. 125
New York, NY 10036

{Z0254401/1}      6

| | |
|---|---|
| William Zanker, President<br>Learning Annex Holdings LLC<br>888c Eight Ave., #139<br>New York, NY 10019 | William Zanker, President<br>Benson Acquisition, LLC<br>888c Eight Ave., #139<br>New York, NY 10019 |
| William Zanker, President<br>The Learning Annex, L.P.<br>888c Eight Ave., #139<br>New York, NY 10019 | Production Resource Group, LLC<br>c/o Jeffrey Boldt, Esq.<br>The Kuker Group LLP<br>508 E. Eighteenth St.<br>Cheyenne, WY 82001 |
| Andrew L. Hyams, Esq.<br>Kerstein, Coren & Lichtenstein LLP<br>60 Walnut St., #400<br>Wellesley, MA 02481 | Production Resource Group, LLC<br>c/o Overstreet, Homar & Kuker<br>508 E. 18th St.<br>Cheyenne, WY 82001 |
| Michael Schaper, Esq.<br>Debevoise & Plimpton LLP<br>919 Third Ave.<br>New York, NY 10022 | Production Resource Group, LLC<br>c/o Neil G. Marantz, Esq.<br>The Marantz Law Firm<br>150 Theodore Fremd Ave., Ste. A-14<br>Rye, NY 10580 |
| Jeffrey M. Boldt<br>Overstreet Homar & Kuker<br>508 East Eighteenth Street<br>Cheyenne, WY 82001 | |

          */s/ Serina R. Schaefer*
Serina R. Schaefer, Legal Assistant for
Markus Williams & Young LLC