JENNIFER SALISBURY (WYOMING BAR NO. 7-5218)
JOHN F. YOUNG (PRO HAC VICE ADMISSION)
MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC
1700 LINCOLN STREET, SUITE 4550
DENVER, COLORADO 80203
TELEPHONE:  (303) 830-0800
FACSIMILE:  (303) 830-0809
JSALISBURY@MARKUSWILLIAMS.COM
JYOUNG@MARKUSWILLIAMS.COM
*Attorneys for Rich Dad Operating Company, LLC,*
*Pele-Kala Corporation, and BI Capital, LLC*

ROBERT A. SHULL (PRO HAC VICE ADMISSION)
MICHAEL R. SCHEURICH (PRO HAC VICE ADMISSION)
BRADLEY A. BURNS (PRO HAC VICE ADMISSION)
AMANDA E. NEWMAN (PRO HAC VICE ADMISSION)
CASANDRA C. MARKOFF (PRO HAC VICE ADMISSION)
DICKINSON WRIGHT PLLC
1850 N. CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004
TELEPHONE: (602) 285-5000
FACSIMILE: (602) 285-5100
RSHULL@DICKINSONWRIGHT.COM
MSCHEURICH@DICKINSONWRIGHT.COM
BBURNS@DICKINSONWRIGHT.COM
ANEWMAN@DICKINSONWRIGHT.COM
CMARKOFF@DICKINSONWRIGHT.COM
*Attorneys for Rich Dad Operating Company, LLC,*
*Pele-Kala Corporation, and BI Capital, LLC*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 12-20834 |
| RICH GLOBAL, LLC | ) |
| | ) Chapter 7 |

## MEMORANDUM OF LAW REGARDING SCOPE OF EXPERT TESTIMONY

Creditor Rich Dad Operating Company, LLC ("RDOC") hereby provides a memorandum of law regarding the scope of expert testimony that may be heard at the Court's hearing on April 2, 2019 (the "Hearing") regarding Trustee's Motion to Approve Settlement of Disputes Between the Trustee and Robert Kiyosaki, Kim Kiyosaki, Pele-Kala Corporation, Cashflow Technologies, Inc., BI Capital, LLC, and Rich Dad Operating Company, LLC (Doc. 354) (the "Objection"). Any expert testimony that may be presented at the Hearing is limited to those opinions that were previously disclosed.

**I.     Introduction**

RDOC recently learned that Creditors Learning Annex Holdings, LLC, Learning Annex, LLC and Learning Annex L.P. (collectively, "Learning Annex") have subpoenaed Patrick M. Donovan ("Donovan") to appear as a witness at the Hearing.[1]  Presumably, Learning Annex intends to present Mr. Donovan's opinions as evidence at the hearing.

Donovan was retained and disclosed by Trustee Tracy L. Zubrod (the "Trustee") as an expert witness to testify on various issues in the adversary action — the subject of Trustee's Rule 9019 Motion — that is now pending before the United States District Court for the District of Wyoming as Case No. 16-cv-00217 (the "Action"). Donovan's opinions in the Action were disclosed in two reports: his primary report (dated March 30, 2018; the "Donovan Report") and his report rebutting the opinions of Lynton M. Kotzin (dated June 15, 2018; the "Donovan Rebuttal"). These are the only disclosures regarding Donovan's opinions; Learning Annex has not disclosed any additional opinions held by Donovan.

Lynton M. Kotzin ("Kotzin") was retained by RDOC (and other Defendants in the Action)

---

[1] The subpoena served on Donovan is attached hereto as Exhibit A.

to offer expert testimony in the Action. Mr. Kotzin's opinions in the Action were disclosed in two reports: his primary report (dated March 30, 2018; the "Kotzin Report") and his report rebutting the opinions of Donovan (dated June 15, 2018; the "Kotzin Rebuttal").

In this Rule 9019 matter, we have the curious circumstance of Learning Annex calling as a witness an expert it did not engage. This expert—Donovan—may also be used as a witness by the party that engaged him—the Trustee. Because of these circumstances, RDOC has identified Kotzin as a witness for this Rule 9019 matter.

**II.    Discussion**

While a party may generally call an opposing party's expert as a witness, it may not solicit testimony that is beyond the scope of already-disclosed expert opinions. *See, e.g.*, *Lexington Ins. Co. v. Horace Mann Ins. Co.*, 11 C 2352, 2015 WL 5174159 (N.D. Ill. Aug. 27, 2015) (allowing a party to call an opposing expert but significantly limiting the testimony). The court in *Lexington* reasoned:

> The Court agrees that as a general matter, Rule 26(a)(2) would not necessarily preclude [proponent] from calling [opposing experts] in its case in chief despite the fact that Horace Mann did not disclose them as potential witnesses. Nothing in that rule or the cited cases, however, supports [proponent's] assertion that it had free rein to elicit opinions from [opposing experts] on topics beyond the scope of their rebuttal reports and then seek to affirmatively use those alleged opinions without complying with any disclosure obligations under Rule 26. As discussed earlier, the very purpose of Rule 26 would be thwarted if parties could ask rebuttal experts questions to elicit new opinions that have nothing to do with the opinions expressed in their reports, especially when the deadline for disclosing expert opinions has long since passed.

*Lexington*, 2015 WL 5174159, at *14.

This comports with the general rule that undisclosed expert opinions are inadmissible. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring all opinions to be contained within a report); Fed. R. Civ. P. 37(c)(1) (containing a self-executing exclusion for undisclosed

2

opinions); *Anderson v. Hale*, No. CIV-02-0113-F, 2002 WL 32026151, at *2 (W.D. Okla. Nov.4, 2002) ("[T]he combined effect of Rule 26(a)(2)(B) and 37(c)(1) is that he who fails to provide a comprehensive expert report does so at his peril."); *see also Daberkow v. United States*, 2008 WL 4755852, at *4 (D. Colo. Oct. 29, 2008) ("Plaintiff should be precluded from presenting any improperly undisclosed opinions from either witness"); *King v. Ford Motor Co.*, 209 F.3d 886, 900–901 (6th Cir. 2000) (excluding expert testimony because it exceeded scope of expert reports and opposing party was prevented from preparing for this "surprise" testimony).

RDOC does not object to Donovan (and Kotzin) testifying at the Hearing regarding the opinions disclosed in their expert reports and rebuttals, even though it is arguably "neither necessary nor appropriate" in the context of a Rule 9019 hearing. *Geltzer v. Original Soupman, Inc. (In re: Soup Kitchen Int'l, Inc.)*, 506 B.R. 29, 30 (Bankr. E.D.N.Y. 2014). RDOC objects, however, to any attempt by Learning Annex to solicit testimony from Donovan or Kotzin that is outside of those expert reports, which would constitute inadmissible and undisclosed opinions. Notably, Donovan and Kotzin have not, for example, disclosed opinions (and may not testify) on the following issues:

- The reasonable settlement value of the Trustee's claims
- The probability of succeeding on the Trustee's claims
- The value of the Trustee's claims
- The difficulty of judgment collection
- The probability of claims surviving summary judgment

Such opinions, and other undisclosed opinions, would be improper and must not be allowed

3

at the Hearing.

## III.  Conclusion

The Court should accordingly be mindful of the testimony sought by Learning Annex so it does not invite opinions that have not been disclosed in the Action.  Only disclosed opinions may be the subject of testimony, and the Court should preclude testimony that strays.

Dated:  March 26, 2019              Respectfully submitted,

**MARKUS WILLIAMS YOUNG
   & HUNSICKER LLC**


By:  */s/ John F. Young*
JENNIFER SALISBURY (WYOMING BAR NO. 7-5218)
JOHN F. YOUNG (PRO HAC VICE ADMISSION)
1700 LINCOLN STREET, SUITE 4550
DENVER, COLORADO 80203
TELEPHONE:  (303) 830-0800
FACSIMILE:  (303) 830-0809
JSALISBURY@MARKUSWILLIAMS.COM
JYOUNG@MARKUSWILLIAMS.COM
*Attorneys for Rich Dad Operating Company, LLC, Pele-Kala Corporation, and BI Capital, LLC*

*and*

**DICKINSON WRIGHT PLLC**

By: */s/ Robert A. Shull*
ROBERT A. SHULL (PRO HAC VICE ADMISSION)
MICHAEL R. SCHEURICH (PRO HAC VICE ADMISSION)
BRADLEY A. BURNS (PRO HAC VICE ADMISSION)
AMANDA E. NEWMAN (PRO HAC VICE ADMISSION)
CASANDRA C. MARKOFF (PRO HAC VICE ADMISSION)
1850 N. CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004
TELEPHONE: (602) 285-5000
FACSIMILE: (602) 285-5100
RSHULL@DICKINSONWRIGHT.COM
MSCHEURICH@DICKINSONWRIGHT.COM
BBURNS@DICKINSONWRIGHT.COM
ANEWMAN@DICKINSONWRIGHT.COM
CMARKOFF@DICKINSONWRIGHT.COM
*Attorneys for Rich Dad Operating Company, LLC, Pele-Kala Corporation, and BI Capital, LLC*

CERTIFICATE OF SERVICE

       The undersigned certifies that on March 26, 2019, I served by prepaid first-class mail a copy of the attached document on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and the Wyoming LBR at the following addresses:

Philip A. Pearlman
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203

Ronald L. Fano
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203

Jamie N. Cotter
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203

James R. Belcher, Esq.
Crowley Fleck PLLP
152 N. Durbin St., Ste. 220
Casper, WY 82601

Steven N. Berger
Engelman Berger, P.C.
3636 N. Central Ave., Ste. 700
Phoenix, AZ 85012-1936

Ethan J. Birnberg
Ballard Spahr LLP
1225 17th St., Ste. 2300
Denver, CO 80202-5596

Edwin G. Schallert, Esq.
Debevoise & Plimpton LLP
919 Third Ave.
New York, NY 100

Jenny M.F. Fujii
Kutner Brinen Garber PC
1660 Lincoln St., Ste. 1650
Denver, CO 80264-9911

Mark E. Macy
Macy Law Office, P.C.
217 W. 18th St.
Cheyenne, WY 82001-4413

Lee M. Kutner
Kutner Brinen Garber PC
1660 Lincoln St., Ste. 1650
Denver, CO 80264-9911

Tracy L. Zubrod
219 E. 18th St.
Cheyenne, WY 82001-4507

US Trustee
308 West 21st Street, 2nd Floor
Cheyenne, WY 82001-3669

Jonathan Harris, Esq.
Harris, St. Laurent & Chaudhry LLP
40 Wall St., 53rd Fl.
New York, NY 10005

Timothy Woznick, Esq.
Crowley Fleck PLLP
237 Storey Blvd., Ste. 110
Cheyenne, WY 82009

Plate Investments Limited
c/o Sandra Stern, Esq.
Nordquist & Stern PLLC
330 Madison Ave., 6th Floor
New York, NY 10017

Plate Investments Limited
c/o Sandra Stern, Esq.
Nordquist & Stern PLLC
43 West 43rd St., Ste. 125
New York, NY 10036

| | |
|---|---|
| William Zanker, President<br>Learning Annex Holdings LLC<br>888c Eight Ave., #139<br>New York, NY 10019 | William Zanker, President<br>Benson Acquisition, LLC<br>888c Eight Ave., #139<br>New York, NY 10019 |
| William Zanker, President<br>The Learning Annex, L.P.<br>888c Eight Ave., #139<br>New York, NY 10019 | Production Resource Group, LLC<br>c/o Jeffrey Boldt, Esq.<br>The Kuker Group LLP<br>508 E. Eighteenth St.<br>Cheyenne, WY 82001 |
| Andrew L. Hyams, Esq.<br>Kerstein, Coren & Lichtenstein LLP<br>60 Walnut St., #400<br>Wellesley, MA 02481 | Production Resource Group, LLC<br>c/o Overstreet, Homar & Kuker<br>508 E. 18th St.<br>Cheyenne, WY 82001 |
| Michael Schaper, Esq.<br>Debevoise & Plimpton LLP<br>919 Third Ave.<br>New York, NY 10022 | Production Resource Group, LLC<br>c/o Neil G. Marantz, Esq.<br>The Marantz Law Firm<br>150 Theodore Fremd Ave., Ste. A-14<br>Rye, NY 10580 |
| Jeffrey M. Boldt<br>Overstreet Homar & Kuker<br>508 East Eighteenth Street<br>Cheyenne, WY 82001 | Robert K. Dakis<br>Morrison Cohen LLP<br>909 Third Avenue<br>New York, NY 10022-4784 |
| Joseph T. Moldovan<br>Morrison Cohen LLP<br>909 Third Avenue<br>New York, NY 10022-4784 | Megan K. Bannigan<br>Debevoise & Plimpton LLP<br>919 Third Ave.<br>New York, NY 10022 |
| Henry F. Bailey, Jr.<br>Bailey Stock Harmon Cottam Lopez LLP<br>221 E. 21st St.<br>P.O. Box 1557<br>Cheyenne, WY 82003-1557 | Dale W. Cottam<br>Bailey Stock Harmon Cottam Lopez LLP<br>221 E. 21st St.<br>P.O. Box 1557<br>Cheyenne, WY 82003-1557 |
| Theodore J. Hartl<br>Ballard Spahr LLP<br>1225 17th St., Ste. 2300<br>Denver, CO 80202-5596 | |

 */s/ Serina R. Schaefer*
Serina R. Schaefer, Legal Assistant for
Markus Williams Young & Hunsicker LLC