Jamie N. Cotter (Wyoming Bar No. 7-4721)
Philip A. Pearlman (Colorado Bar No. 11426)
Ronald L. Fano (Colorado Bar No. 20797)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838
jcotter@spencerfane.com
ppearlman@spencerfane.com
rfano@spencerfane.com
*Attorneys for Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RICH GLOBAL, LLC, | ) | Case No. 12-20834 |
| | ) | Chapter 7 |
| Debtor. | ) | |

**TRUSTEE'S HEARING BRIEF**

Tracy L. Zubrod, trustee, by and through her undersigned counsel, respectfully submits the following Hearing Brief in regard to the April 2, 2019 hearing on her Fed.R.Bankr.P. 9019 motion to approve the settlement between the Trustee and Robert Kiyosaki, Kim Kiyosaki, Pele-Kala Corporation, Cashflow Technologies, Inc., BI Capital, LLC, and Rich Dad Operating Company, LLC (collectively, "Defendants").

**A.      CONSIDERATIONS AT HEARING:**

In considering a proposed settlement under Fed.R.Bankr.P. 9019, a bankruptcy court should not conduct a "mini-trial of the facts or the merits underlying the dispute." *In re Adelphia Communications*, 327 B.R. 143, 159 (Bank. S.D. N.Y. 2005); *Liberty Bank. F.S.B. v. D.J. Christie, Inc.*, 681 Fed. Appx. 664 (10th Cir. 2017) ("In evaluating a proposed settlement, the bankruptcy court is not required to conduct a mini-trial ... or decide numerous questions of law and fact, but it must canvas the issues to determine whether the proposed settlement falls below

the lowest point in the range of reasonableness."). Neither should the court conduct "an independent investigation" to formulate an opinion as to the reasonableness of a settlement. *In re International Distribution Centers, Inc.*, 103 B.R. 420, 422 (S.D. N.Y. 1989). Rather, the court only need be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered judgment about the settlement. *Id.*; *In re Energy Coop., Inc.*, 886 F.2d 921, 924–25 (7th Cir.1989).

A bankruptcy judge may approve a settlement if it is fair and equitable and the best interests of the estate. *In re Rich Global, LLC,* 652 Fed.Appx. 626, 631 (10th Cir. 2016). In evaluating whether a proposed settlement is in the estate's best interest, the court should consider (1) the chance of success of the litigation on the merits; (2) possible problems in collecting a judgment; (3) the expense and complexity of the litigation; and (4) the interest of creditors. *Id.* The court is not required to "conduct a detailed analysis of the underlying law or a risk-adjusted value of continuing litigation[.] *Id*. at 632.

In evaluating a proposed settlement, the court may consider evidence that would otherwise be inadmissible under the Federal Rules of Evidence, including hearsay evidence. *See e.g. In re Nuevo Pueblo*, 608 Fed.Appx. 40, n. 2 (2nd Cir. 2015) ("The Debtors' objection that this testimony was hearsay is meritless."). In addition, the trial court must give weight to the "opinions" of the "trustee, the parties, and their attorneys." *In re A and C Properties*, 784 F.2d 1377 (9th Cir. 1986); *see also In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)(same); *In re International Distribution Centers, Inc.*, 103 B.R. 420, 422 (S.D. N.Y. 1989)("A court may give weight to the Trustee's informed judgment that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise."). Consideration should also be given to the principle that the law favors compromise over litigation. *Id.* A court

should not substitute its judgment for that of the trustee. *In re Homesteads Community at Newtown, LLC*, 526 B.R. 1, *7 (D. Conn. 2014). The court however may "exclude evidence which is relevant where such evidence creates undue delay, waste of time or needless presentation of cumulative evidence." *Id.* citing Fed.R.Evid. 403.

In rendering a decision, a bankruptcy judge need not "write an extensive opinion," however, the judge must apprise himself or herself of the "relevant facts and law so that he can make an informed and intelligent decision, and set out the reasons for his decision." *In re American Reserve Corp*, 841 F.2d at 163. "[T]he bankruptcy judge must make findings and explain his reasoning sufficiently to show that he examined the proper factors and made an informed and independent judgment." *Id*. at 162.

An order approving a proposed settlement should comply with Fed.R.Bankr.P. 9014(c) and 7052, which incorporate Fed.R.Civ.P. 52(a) ("the court must find the facts specifically and state its conclusion of law separately."). The order must be sufficient to provide an appellate court with a clear understanding of the basis of the bankruptcy court's decision. *In re Rich Global, supra*, 652 Fed.Appx. at 631.

**B.     RECENT DEVELOPMENT IN WYOMING ALTER EGO LAW:**

After the Trustee filed her Rule 9019 motion, the Wyoming Supreme Court rendered its decision in *Mantle v. North Star Energy & Construction LLC*, 2019 WL 1123206 (Wyo. March 12, 2019) ("*North Star*"). The *North Star* decision addresses several legal issues relevant to the Trustee's alter ego claim against the Defendants. Among other things, the Wyoming Supreme Court held:

1.     Evidence of a fraudulent transfer based on actual intent to hinder, delay or defraud (rather than mere constructive fraud) may be considered in determining whether the veil of a

Wyoming limited liability company should be pierced. However, if relief is granted on the fraudulent transfer claim, then piercing the veil may be rendered unnecessary. *North Star*, at *33 n. 25.

2.  The alter ego doctrine cannot be used to impose liability on a "sister" entity. *North Star*, at *34.

3.  A non-owner may be subject to alter ego liability, but only if the evidence demonstrates that "the non-owner in question exercises a high degree of control over the business entity." *North Star*, at *34-35.

Dated: March 27, 2019

SPENCER FANE LLP

By: */s/ Philip A. Pearlman*
Philip A. Pearlman, CO #11426
Ronald L. Fano, CO #20797
Jamie N. Cotter, WY #7-4721
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
ppearlman@spencerfane.com
jcotter@spencerfane.com
rfano@spencerfane.com
ATTORNEYS FOR TRACY L. ZUBROD, TRUSTEE

## CERTIFICATE OF SERVICE

      The undersigned certifies that on March 27, 2019, I served by e-mail and other electronic means, a copy of the foregoing TRUSTEE'S HEARING BRIEF on the following:

Jim Belcher
jbelcher@crowleyfleck.com

Schaper, Michael
mschaper@debevoise.com

Megan K. Bannigan,
mkbannigan@debevoise.com

Hank Bailey
hank@performance-law.com

Dale Cottam
dale@performance-law.com

Theodore J. Hartl
hartlt@ballardspahr.com

John F. Young
jyoung@MarkusWilliams.com

Jennifer Salisbury
Jsalisbury@Markuswilliams.com

Robert A. Shull
RShull@dickinsonwright.com

Bradley A. Burns
BBurns@dickinsonwright.com

Amanda E. Newman
ANewman@dickinson-wright.com

Casandra C. Markoff
CMarkoff@dickinson-wright.com

                                                    /s/ *Nancy L. Schacht*
                                                    Nancy L. Schacht

DN 3546003.1